UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>WINDSOR NURSING CENTER PARTNERS OF CORPUS CHRISTI, LTD, d/b/a CORPUS CHRISTI NURSING AND REHABILITATION CENTER<br>*Petitioner*<br><br>VS.<br><br>KATHLEEN YESIAN, BELINDA GOOD, JESSICA A. ROSAS, PATY SIEBER YOUNG, and WENDY MARTINEZ<br>*Respondents* | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:09-cv-00008 |

### RESPONDENTS' RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Respondents move the Court to dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### I.
### Summary of the Motion

1.1    This is a proceeding to compel arbitration under the Federal Arbitration Act ("FAA") between Petitioner ("the Nursing Home") and Respondents ("the Employees"), who formerly worked for Petitioner.

1.2    The Petition shows the absence of diversity jurisdiction, and the sole basis for federal question jurisdiction averred by the Nursing Home is that "[the Employees] claim, *inter alia*, [that the Nursing Home] violated Title VII." This averment, of course, fails to address, much less justify, how this Court has jurisdiction over the Nursing Home's petition to compel arbitration.

1.3     Under established Fifth Circuit precedent, a proceeding to compel arbitration under the FAA, even to compel arbitration of allegedly federal claims, does not confer federal question jurisdiction. The Employees advised the Nursing Home of this case law (Exhibit 1 to this motion), but the Nursing Home refused to dismiss its petition.[1]

1.4     In short, the petition alleges no arguable basis for jurisdiction, nor could it. The Nursing Home cannot meet its burden to plead and prove subject matter jurisdiction, and it is unclear on what basis, if any, the Nursing Home believed it could. The Employees request that the Court dismiss the Nursing Home's petition and award them their attorney fees and costs.

## II.
## Legal Standards

2.1     "[F]ederal courts are . . . empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by . . . Congress." *Sarmiento v. Texas Bd. of Veterinary Med. Examiners*, 939 F.2d 1242, 1245 (5th Cir. 1991). A court must dismiss a case if, at any time, it appears that the court lacks jurisdiction over the subject matter. *E.g.*, FED. R. CIV. P. 12(h)(3).

2.2     Subject-matter jurisdiction exists if a suit arises under the Constitution, laws, or treaties of the United States or arises between parties of diverse citizenship. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

---

[1] The Nursing Home originally filed its petition to compel arbitration in the Houston Division but, before the Employees' agreed answer date, dismissed and refiled it in the Victoria Division. The Nursing Home presumably did so to correct venue. (Even before filing in the Houston Division, the Nursing Home filed a motion to compel arbitration in the state court but canceled the hearing only after the parties appeared in the trial court for the hearing. Were this Court vested with jurisdiction over the Nursing Home's petition, such exceptional circumstances would justify the Court's abstention.)

2.3     The burden of pleading and proving subject-matter jurisdiction is on the party invoking federal jurisdiction. *E.g., Gassie v. SMH Swiss Corp.*, 165 F.3d 23 (5th Cir. 1998).

2.4     Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

2.5     Accordingly, the Fifth Circuit has held,

> Although the FAA reflects a strong policy favoring the enforcement of arbitration clauses . . . the FAA does not provide an independent ground of federal jurisdiction. To sue in federal court to enforce an arbitration claim, a petitioner must demonstrate the existence of federal subject matter jurisdiction on the underlying contract claim.
> 
> * * *
> 
> Congress has not expressed an intent to provide a federal forum for all suits to compel arbitration, but has instead extended a federal forum only to those suits for which there is otherwise an independent basis for federal jurisdiction; the FAA itself confers no jurisdiction on the federal courts . . . In this case, then, in contrast to the "rare" situation presented in *Neztsosie*, Bank One would have no "right" to a federal forum in the absence of diversity jurisdiction.

*Bank One, N.A. v. Shumake*, 281 F.3d 507 (5th Cir.), *cert. denied*, 537 U.S. 818 (2002); *see also Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 393 n.6 (5th Cir. 2006)("Without diversity jurisdiction, Appellees lack an independent basis for the district court's jurisdiction over the Federal Actions as the FAA does not confer federal question jurisdiction.").

2.6     Furthermore,

Respondents' Rule 12(B)(1) Motion To Dismiss For Lack
Of Subject Matter Jurisdiction
*Windsor Nursing Center Partners, et al vs. Kathleen Yesian, et al*

Page 3

> [A] party seeking to enforce rights created by the FAA must do so in state court unless federal jurisdiction is independently established by the allegations of the plaintiff's own complaint or unless the case is already in federal court. If, for example, Prudential had been successful in its attempt to remove the Fitches' action from state to federal court, the federal court could have entertained Prudential's motion to compel arbitration. Here, however, the only claim before the district court was Prudential's petition to compel arbitration which arises solely under § 4 of the Federal Arbitration Act. Federal jurisdiction did not vest over this action based on the federal character of the underlying claims of federal securities law violations. Prudential did not allege diversity of citizenship. Thus, the district court did not have jurisdiction over this action.

*Prudential-Bache Securities, Inc. v. Fitch*, 966 F.2d 981, 989 (5th Cir. 1992).

### III.
### The Court lacks jurisdiction over the petition to compel arbitration because the Nursing Home has not met and cannot meet its burden to plead and prove subject matter jurisdiction.

3.1   The Nursing Home's petition seeks to enforce an arbitration agreement—assuming its application and validity, which are not before the Court on this motion to dismiss—that provides for arbitration of claims brought in a court of competent jurisdiction. Petition § 13.

3.2   As the sole basis for invoking the Court's jurisdiction, the Nursing Home avers a federal question arises "because Respondents' claim, *inter alia*, CCNRC violated Title VII of the Civil Rights Act of 1964 . . . ." Petition § 7. This allegation might be germane had the Employees brought Title VII claims in this Court.

3.3   However, the only request for relief before the Court is the Nursing Home's petition to compel arbitration. The Petition fails to aver any basis for the Court to assume jurisdiction over that request.

Respondents' Rule 12(B)(1) Motion To Dismiss For Lack
Of Subject Matter Jurisdiction
*Windsor Nursing Center Partners, et al vs. Kathleen Yesian, et al*

Page 4

3.4   As the Nursing Home concedes, the Employees sued it and other defendants in Texas state court, where no federal claims are alleged. Petition ¶¶ 15(b), 17. The Nursing Home made no attempt to remove the state court case to federal court, which would have no jurisdiction. The Employees' statutory employment claims remain in the administrative process. *Id.* ¶¶ 17.

3.5   In short, the Employees have alleged no federal claims in any forum that, at this time, are even arguably ripe for arbitration. The Employees have admittedly alleged no federal claims in any court. Consequently, no basis exists for the Nursing Home to imply or aver any connection between its current petition to compel arbitration and any federal claim allegedly made by the Employees.

3.6   More importantly, such a connection, if it existed, would be irrelevant to this Court's jurisdiction over the Nursing Home's petition to compel arbitration. Had the Employees alleged Title VII claims in the state court, this Court would still lack jurisdiction over the Nursing Home's claim for arbitration. As the Fifth Circuit has made clear in the *Bank One*, *Brown*, and *Prudential-Bache* opinions, discussed above, a proceeding to compel arbitration under the FAA—even to compel arbitration of federal claims—gives rise to no federal question. And, as diversity is absent, there is no basis for this Court's exercise of jurisdiction over the Nursing Home's claim for arbitration under the FAA.

3.7   The Employees advised the Nursing Home of the absence of jurisdiction before it filed its petition in this Court. *See* Exhibit 1 to this motion. The Nursing Home, however, refuses to acknowledge controlling law and failed to allege any arguable basis for jurisdiction. As a result, counsel for the Employees has needlessly been forced to

Respondents' Rule 12(B)(1) Motion To Dismiss For Lack
Of Subject Matter Jurisdiction
*Windsor Nursing Center Partners, et al vs. Kathleen Yesian, et al*

Page 5

incur time and expense preparing this motion and will likely incur additional time and expense preparing a reply. The Nursing Home should bear these fees and expenses.

## IV.
## Prayer

4.1 For these reasons, Respondents request that the Court grant this motion, dismiss this case for lack of subject matter jurisdiction, and award Respondents their attorney fees and expenses, costs, and all other proper relief. Respondents further request that the Court allow Respondents to submit proof of their requested fees and expenses within seven days of the Court's ruling.

Respectfully submitted,

/s/ David L. Jones
MIKAL C. WATTS
State Bar No. 20981820
Federal I.D. No. 12419
Attorney-in-Charge for Plaintiffs
DAVID L. JONES
State Bar No. 24002370
WATTS GUERRA CRAFT, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
(361) 887-0500
Fax: (361) 887-0055

AND

David Klein
THE KLEIN LAW FIRM
State Bar No. 24007497
102 N. Staples
Corpus Christi, Texas 78401
(361) 884-9888
Fax: (361) 882-0803

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record, as listed below, by the method of service indicated, on this 5th day of February, 2009.

/s/ *David L. Jones*
DAVID L. JONES

Juliann H. Panagos
McGLINCHEY STAFFORD, PLLC
1001 McKinney, suite 1500
Houston, Texas 77002-6420
*ATTORNEYS FOR DEFENDANTS – REGENCY NURSING AND REHABILITATION CENTERS, INC.; WINDSOR NURSING AND REHABILITATION CENTER, INC.; WINDSOR NURSING AND REHABILITATION CENTER, INC.; WINDSOR NURSING CENTER PARTNERS OF CORPUS CHRISTI, LTD; WINDSOR CORPUS CHRISTI NURSING CENTER, INC. D/B/A CORPUS CHRISTI NURSING AND REHABILITATION CENTER; HEBER LACERDA; AND DONALD KIVOWITZ*
**VIA FACSIMILE – (713) 520-1025**

Michael D. Seale
McGLINCHEY STAFFORD, PLLC
101 Goodwin, Suite 520
Victoria, Texas 77902-2417
*ATTORNEYS FOR DEFENDANTS – REGENCY NURSING AND REHABILITATION CENTERS, INC.; WINDSOR NURSING AND REHABILITATION CENTER, INC.; WINDSOR NURSING AND REHABILITATION CENTER, INC.; WINDSOR NURSING CENTER PARTNERS OF CORPUS CHRISTI, LTD; WINDSOR CORPUS CHRISTI NURSING CENTER, INC. D/B/A CORPUS CHRISTI NURSING AND REHABILITATION CENTER; HEBER LACERDA; AND DONALD KIVOWITZ*
**VIA FACSIMILE – (361) 570-1148**

Christopher G. Nevins
KELLY & NEVINS, LLP
206 W. Main Street
Fredericksburg, Texas 78624
*ATTORNEYS FOR DEFENDANT - GOTCHER CONST., INC.*
**VIA FACSIMILE – (830) 990-0559**

Homero C. Canales
Attorney At Law
208 N. Cameron
Alice, Texas 78332
*ATTORNEY FOR DEFENDANT, PEDRO MAGEL*
**VIA FACSIMILE – (361) 664-0716**

David Klein
THE KLEIN LAW FIRM
102 N. Staples
Corpus Christi, Texas 78401
*ATTORNEYS FOR PLAINTIFFS*
**VIA FACSIMILE – 882.0803**