UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN | § § § | |
| WINDSOR NURSING CENTER PARTNERS OF CORPUS CHRISTI, LTD, d/b/a CORPUS CHRISTI NURSING AND REHABILITATION CENTER *Petitioner* | § § § § § § | CIVIL ACTION NO. 6:09-cv-00008 |
| VS. | § § § | |
| KATHLEEN YESIAN, BELINDA GOOD, JESSICA A. ROSAS, PATY SIEBER YOUNG, and WENDY MARTINEZ *Respondents* | § § § § § | |

**RESPONDENTS' REPLY TO PETITIONER'S RESPONSE TO RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Respondents file their reply to "Petitioner's Response to Respondents' Rule 12(b)(1) Motion to Dismiss."

**I.
SUMMARY OF THE REPLY**

1.1    The Nursing Home's response simply does not address the relevant issues concerning the basis for subject matter jurisdiction in this case. Moreover, the response completely disregards legislative authority, long standing Fifth Circuit precedent, judicial power, and venue. In the Fifth Circuit, a proceeding to compel arbitration under the FAA presents no federal question. Thus, because the Petitioner Nursing Home and Respondent Employees are not diverse, this Court lacks jurisdiction over the subject matter of this case: the Nursing Home's request to compel arbitration.

## II.
### THE NURSING HOME FAILS TO ADDRESS CONTROLLING FIFTH CIRCUIT AUTHORITY.

2.1 As set forth in the Employees' Rule 12(b)(1) motion to dismiss, Plaintiffs' counsel advised the Nursing Home before it filed this proceeding to compel arbitration that the Fifth Circuit has squarely held that this type of action, absent diversity jurisdiction, lies outside the jurisdiction of the district courts. *See* Motion to Dismiss ¶ 1.3. The Employees' motion to dismiss, not surprisingly, relies on Fifth Circuit authority to show the absence of subject matter jurisdiction. *See* Motion to Dismiss ¶¶ 2.5, 2.6 (quoting *Bank One, N.A. v. Shumake*, 281 F.3d 507 (5th Cir.), *cert. denied*, 537 U.S. 818 (2002); *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 393 n.6 (5th Cir. 2006); *Prudential-Bache Securities, Inc. v. Fitch*, 966 F.2d 981, 989 (5th Cir. 1992)).

2.2 However, the Nursing Home's response fails even to mention, much less distinguish, those opinions. The Nursing Home's response merely asserts that "it is under no obligation to follow opposing parties' interpretation of the law and respectfully declined to do so." *See* Response, at 6. While the Employees' interpretation of the law binds no one, the Fifth Circuit's interpretations do. It is simply incredible that the Nursing Home would ignore, without explanation, controlling Fifth Circuit law simply because the Employees made them aware of it.

## III.
### THE EMPLOYEES' TITLE VII CLAIMS ARE *NOT* THE SUBJECT MATTER OF THIS PROCEEDING.

3.1 Whether by accident or design, the Nursing Home's response demonstrates remarkable ignorance of the issue before the Court, conflating a request for arbitration with the claims to be arbitrated. The Nursing Home speculates that the Employees' charges of discrimination, which remain pending in the administrative process and have been filed in no state or federal court, confer jurisdiction on this

Court. The Nursing Home's petition to compel arbitration, however, neither requires nor asks the Court to assume jurisdiction and decide those claims. The petition to compel arbitration, on its face, seeks simply to enforce an alleged contractual right to arbitrate.

3.2   The Fifth Circuit has made clear the distinction between a request for arbitration and the claims to be arbitrated. The Fifth Circuit did so in authority cited in the Employees' motion to dismiss, but, again, ignored by the Nursing Home.

> The usual rules for determining federal question jurisdiction provide that a complaint will not avail a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Prudential's "well pleaded" complaint seeks one objective: to enforce its rights under its contract with the Fitches and compel arbitration of the dispute. The Fitches' underlying dispute with Prudential, including claims that Prudential violated the federal securities laws, is not part of Prudential's complaint.

*Prudential-Bache Securities, Inc.*, 966 F.2d at 988 (cited in Motion to Dismiss ¶ 2.6). In short, for purposes of establishing federal question jurisdiction, it is irrelevant whether the Nursing Home contends it seeks arbitration of federal claims.

### IV.
### CONGRESSIONAL POWER IS NOT JUDICIAL POWER.

4.1   To bolster this Court's jurisdiction, the Nursing Home improperly relies on the constitutional grant of authority to Congress to regulate interstate commerce. *See* Response, at 3 (citing U.S. CONST. art. 1, § 3). It is nonsense to equate Congressional power with judicial power, and the Nursing Home cites no authority for such gibberish. This argument also conflicts with Fifth Circuit authority quoted in the Employees' motion to dismiss, which holds that "federal courts are . . . empowered to hear only those cases that are within the constitutional grant of *judicial power*, and that have been entrusted to them by . . . Congress." *See* Motion to Dismiss ¶ 2.1 (quoting *Sarmiento v.*

*Texas Bd. of Veterinary Med. Examiners*, 939 F.2d 1242, 1245 (5th Cir. 1991)(emphasis added)).

4.2   Further, the Fifth Circuit has specifically rejected the argument that a contract affecting interstate commerce confers jurisdiction over a proceeding to compel arbitration under the FAA: "Rio Grande argues that because its contracts with Pitts Farms relate to interstate commerce, it follows that the FAA applies and that the case may therefore be heard in federal court. This argument plainly misreads § 4 of the FAA." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001); *see also, e.g., Eickhof Constr. Co. v. Great N. Ry. Co.*, 291 F. Supp. 44, 48 (D.C. Minn. 1968)(noting that contractual claims "ordinarily are not within the favor of federal question jurisdiction."); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983)(noting that "enforcement of the [Federal Arbitration] Act is left in large part to the state courts . . . . ").

4.3   Additionally, the FAA applies to contracts affecting interstate commerce. 9 U.S.C. § 2. Were the Nursing Home's argument adopted, federal question jurisdiction would arise in every contract subject to the FAA, and the Fifth Circuit would have had no reason to hold otherwise time after time after time. Once again, the Nursing Home invites this Court to contradict the Fifth Circuit.

## V.
### VENUE IS NOT JURISDICTION.

5.1   Based on the venue provision of the FAA, 9 U.S.C. § 4, the Nursing Home argues that "this Court is the proper place to order contact [sic] arbitration . . . . " *See* Response, at 5. Jurisdiction is a court's power to decide the case brought before it; venue is the proper or possible place for the lawsuit. *E.g., Transcapital Leasing Associates, 1990-II, L.P. v. U.S.*, 398 F.3d 1317, 1320 (Fed. Cir. 2005). The Nursing Home's venue-

based argument has no bearing on whether the Court has the power to decide the petition to compel arbitration.

## VI.
### THE NURSING HOME'S RESPONSE RELIES ON ARGUMENTS WHICH ASSUME JURISDICTION.

6.1    The Nursing Home's response includes issues about whether to decline jurisdiction (response, p. 5), whether to compel arbitration of employment claims (*id.*, p. 3 n.5), and whether state law may preclude arbitration of employment claims (*id.*, at 6 n.21). These arguments assume subject matter jurisdiction and, thus, are premature.

## VII.
### PRAYER

7.1    For these reasons, Respondents request that the Court dismiss this case for lack of subject matter jurisdiction, and award Respondents their attorney fees and expenses, costs, and all other proper relief.  Respondents further request that the Court allow Respondents to submit proof of their requested fees and expenses within seven days of the Court's ruling.

Respectfully submitted,

　　　　/s/ David L. Jones　　　　
David L. Jones
State Bar No. 24002370
Attorney-in-Charge for Plaintiffs
MIKAL C. WATTS
State Bar No. 20981820
Federal I.D. No. 12419
WATTS GUERRA CRAFT LLP
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
(361) 887-0500
Fax: (361) 887-0055

AND
David Klein
THE KLEIN LAW FIRM
State Bar No. 24007497
102 N. Staples
Corpus Christi, Texas 78401
(361) 884-9888
Fax: (361) 882-0803

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record, as listed below, by the method of service indicated, on this 16th day of March, 2009.

/s/ *David L. Jones*
DAVID L. JONES

Juliann H. Panagos
McGLINCHEY STAFFORD, PLLC
1001 McKinney, suite 1500
Houston, Texas 77002-6420
ATTORNEYS FOR PETITIONERS
**VIA FACSIMILE – (713) 520-1025**

Michael D. Seale
McGLINCHEY STAFFORD, PLLC
101 Goodwin, Suite 520
Victoria, Texas 77902-2417
ATTORNEYS FOR PETITIONERS
**VIA FACSIMILE – (361) 570-1148**

David Klein
THE KLEIN LAW FIRM
102 N. Staples
Corpus Christi, Texas 78401
ATTORNEYS FOR RESPONDENTS
**VIA FACSIMILE – 882.0803**