IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE § <br> ARBITRATION BETWEEN § <br> § <br> WINDSOR NURSING CENTER § <br> PARTNERS OF CORPUS CHRISTI, LTD, § <br> d/b/a CORPUS CHRISTI NURSING § <br> AND REHABILITATION CENTER § <br> § <br>     Petitioner, § <br> § <br> v. § <br> § <br> KATHLEEN YESIAN, BELINDA GOOD, § <br> JESSICA A. ROSAS, PATY SIEBER § <br> YOUNG, and WENDY MARTINEZ § <br> § <br>     Respondents. § | CIVIL ACTION NO. V-09-08 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's First Amended Petition to Compel Arbitration (Dkt. No. 7), Petitioner's Motion to Stay State Court Proceeding (Dkt. No. 2), and Respondents' Rule 12(B)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 3).[1]  Having considered the motions, record, and applicable law, the Court is of the opinion that the Respondents' motion should be GRANTED and all other motions be DENIED as moot.

---

[1] Petitioner initially filed a Petition to Compel Arbitration (Dkt. No. 1), which was followed shortly thereafter by its Motion to Stay (Dkt. No. 2) and Respondents' Motion to Dismiss (Dkt. No. 3). Although Petitioner later filed its First Amended Petition to Compel Arbitration (Dkt. No. 7), the Amended Petition is nearly identical to the initial Petition.  The Court thus deems Respondents' Motion to Dismiss to apply with equal force to the Petitioner's amended filing.  The only substantive divergence between Petitioner's initial Petition and its First Amended Petition is that the later filing asserts an additional ground for jurisdiction.  Respondents have addressed the additional putative jurisdictional basis.  *See* Dkt. No. 10.

**Background**

This action arises out of Petitioner's efforts to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4, between Petitioner and Respondents concerning Respondents' suit against Petitioner, their former employer. Respondents, each of whom signed a materially identical Employment Acknowledgment with Petitioner, agreed therein to submit to arbitration over any controversy relating to or arising out of Respondents' employment with Petitioner.

After some time in Petitioner's employ, each Respondent filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") and the City of Corpus Christi Human Relations Commission (the "CCHRC") alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. Sometime thereafter, Respondents commenced a civil action in the County Court at Law No. 4 for Nueces County, Texas, Civil Action No. 08-61538-00-0-4 (the "State Action"). In the State Action, Respondents asserted various claims sounding solely in Texas law, including claims of sexual assault, offensive touching, premises liability, negligence, and gross negligence. Notably, no reference to Title VII or any other federal statute was made in Respondents' State Action.[2] Petitioner then initiated the instant suit, seeking an order directing Respondents to proceed to arbitration. Although Respondents have not pleaded a violation of federal law, Petitioner contends that "jurisdiction of the Court is invoked in accordance with 28 U.S.C. § 1331 because Respondents' [sic] claim, *inter alia*, [Petitioner] violated Title VII" and that the State Action "is a

---

[2] Although neither party has provided the Court with a copy of the Complaint in the State Action, Petitioner freely admits that "Respondents have not yet pleaded their discrimination claims made the subject of the EEOC charges." Dkt. No. 7 at 6. It is therefore undisputed that any references to potential federal causes of actions exist solely in the EEOC and CCHRC charges.

sexual discrimination action recast as tort claims to circumvent damage limitations placed on workplace discrimination claims." Dkt. No. 7 at 2, 5. Petitioner also asserts that jurisdiction should be based on the Commerce Clause of the United States Constitution. *Id.* at 2.

## Analysis

Pursuant to the FAA, a party may petition a federal district court to compel arbitration under a written agreement for arbitration. 9 U.S.C. § 4. Although Section 4 provides for the filing of a petition to compel arbitration, that section, nor any other portion of the FAA, creates an independent basis for federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Rather, to enter an order compelling arbitration under section 4, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Id.* (citation omitted); *see also Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004); *Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 987 (5th Cir. 1992); *Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 567-68 (5th Cir. 1991).

The Supreme Court recently held that federal district courts, in deciding whether they have subject-matter jurisdiction over a petition to compel arbitration under the FAA, may "look through" the petition to the underlying substantive controversy to determine whether that controversy arises under federal law. *Vaden v. Discover Bank*, --- U.S. ----, No. 07-773, 2009 WL 578636 (Mar. 9, 2009). Thus, the question here is whether this Court would have jurisdiction over the State Action.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[3] Petitioner's petition acknowledges that Respondents' complaint in the State Action does not rely on Title VII or any other federal statute. Petitioner claims, however, that Respondents only fashioned their complaint

---

[3] Petitioner does not claim that jurisdiction can be based on diversity of citizenship.

in this way to avoid damage limitations, and that the true controversy is a sex discrimination claim, which arises under Title VII.  Regardless of why Respondents wrote their complaint the way they did, the fact remains that the complaint does not state a federal cause of action.  Respondents, like all other plaintiffs, are masters of their complaint.  "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Thus, because the Respondents' complaint in the State Action does not state a cause of action under federal law, this Court would not have section 1331 jurisdiction over the underlying action and thus has no jurisdiction to compel arbitration.

Indeed, in *Vaden* itself, the Supreme Court was faced with a petition to compel arbitration in a case where the underlying complaint in state court did not state a federal cause of action.  Thus, while the Supreme Court did "look through" the petition to compel arbitration to examine the underlying complaint, it found that subject-matter jurisdiction did not in fact exist because the complaint did not support such jurisdiction.

One exception remains: if a complaint purports to rely on state law but in actuality is governed by law that is *exclusively* federal, then that complaint will still arise under federal law despite not appearing to do so on its face.  This has been referred to as the "complete preemption doctrine."  *See Vaden* at *7 (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); 14B Wright & Miller § 3722.1).  This case, however, does not present such a situation.  Title VII, which Petitioner claims is at the heart of Respondents' case in the State Action, does not completely preempt state law.  *See Cal. Fed. Sav. & Loan Assoc. v. Guerra*, 479 U.S. 272, 282-83 (1987).  The state courts are perfectly well permitted to hear discrimination cases, not to mention suits alleging

sexual assault, offensive touching, premises liability, and negligence, as Respondents' suit in the State Action does.

Finally, the Commerce Clause does not provide grounds for jurisdiction to this Court. The federal courts' jurisdiction is granted by Congress in accordance with the Constitution. Petitioner must invoke a *statute* to show that the Court has jurisdiction over its petition, not the Constitution.

In sum, the parties are not diverse, the FAA does not independently grant jurisdiction over petitions to compel arbitration, a "look through" at the underlying State Action reveals that it does not arise under federal law, the complete preemption doctrine does not convert that state-law-based action into a federal one, and the Constitution does not independently grant jurisdiction. Thus, the Court has no subject matter jurisdiction and the cause must be dismissed.

## Conclusion

For the foregoing reasons, Respondents' Rule 12(B)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 3) is GRANTED. Because the case is being dismissed, Petitioner's First Amended Petition to Compel Arbitration (Dkt. No. 7) and Petitioner's Motion to Stay State Court Proceeding (Dkt. No. 2) are DENIED as moot. Finally, Respondents' prayer for sanctions in their motion to dismiss is DENIED.

It is so ORDERED.

SIGNED this 30th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE